# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00202-MR

| | |
|---|---|
| S. SHANE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NORTH CAROLINA DEPARTMENT | ) |
| OF PUBLIC SAFETY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Plaintiff's pro se Request for Temporary Restraining Order and/or Preliminary Injunction that is construed as a Motion [Doc. 16].

The incarcerated pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act, the Rehabilitation Act, and North Carolina law. [Doc. 1]. On January 26, 2022, the Complaint passed initial review with respect to his claims for ADA and RA violations against NCDPS, and with respect to his § 1983 claims for retaliation, interfering with the mail, inhumane conditions of confinement, and supervisory liability against several Defendants. [Doc. 9]. Service of process is underway. [See Docs. 11, 13].

Presently before the Court is the Plaintiff's Motion seeking a temporary restraining order and/or preliminary injunction requiring the Defendants to return to him "previously issued flash drives necessary to back, protect, and secure his legal documents for his assigned laptop computer, or, in the alternative, replace the flash drives at NCDPS's expense or permit Plaintiff to purchase the necessary flash drive at his expense until a hearing can be held." [Doc. 16 at 1]. He explains that he has been issued a non-networked laptop computer as an accommodation for written communications, including all written legal communication to the courts and attorneys.[1] [Doc. 16-1 at 1]. He was issued a USB flash drive by prison officials in December 2019 so that he could make backup copies of his documents, should the computer be damaged or malfunction. In January 2022, he was authorized to take the laptop with him for a trial in Case No. 1:19-cv-00260-MR in this Court. On January 4, 2022, prison officials confiscated Plaintiff's flash drives, which "contained his legal documents, trial preparation, and other related work product." [Doc. 16 at 2].

The confiscation of the Plaintiff's flash drives has already been resolved in Case No. 1:19-cv-00260. [See 1:19-cv-00260, Doc. 73]. The

---

[1] The Plaintiff was born without fingers and toes.

Court will not relitigate the matter in the instant case. Moreover, the Plaintiff has failed to establish that this extraordinary remedy is warranted. In particular, he has failed to establish that he is likely to succeed on the merits in the instant case, and his claim of irreparable harm is speculative. See generally Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (to obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest). For all the foregoing reasons, the Motion is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se Request for Temporary Restraining Order and/or Preliminary Injunction [Doc. 16] is construed as a Motion and is **DENIED** for the reasons stated in Case No. 1:19-cv-00260, Doc. 73.

**IT IS SO ORDERED.** Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge