# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00202-MR

| | | |
|---|---|---|
| S. SHANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's (NCDPS) sealed Notice [Doc. 20] regarding the Court's Request for Waivers of Service [see Doc. 11].

The pro se incarcerated Plaintiff brought this action pursuant to 42 U.S.C. § 1983, Americans With Disabilities Act, Rehabilitation Act, and North Carolina law addressing incidents that allegedly occurred at the Rutherford Correctional Center and Foothills Correctional Institution. The Complaint passed initial review against Defendants NCDPS, Annika Wallace,[1] Sapphire Rogers-Newman,[2] Larry Godwin, LaDonna R. Browning,[3] Todd

---

[1] "FNU Wallace" in the Complaint.
[2] "Sapphire Newman" in the Complaint.
[3] "Ladonna Browning" in the Complaint.

Ishee, and Larry D. Williamson.[4]  [Doc. 9].  Service waivers have been filed

for Defendants Godwin, Newman, Ishee, Williamson, and Browning.  [Doc.

19].  NCDPS is unable to waive service for Defendant Wallace, who is no

longer employed by NCDPS; it has provided Defendant Wallace's last known

addresses under seal.  [See Doc. 20].

The Clerk will be directed to notify the U.S. Marshal that Defendant

Wallace needs to be served with the summons and Complaint in accordance

with Rule 4 the Federal Rules of Civil Procedure.  If Defendant Wallace

cannot be served at the addresses provided by NCDPS, the U.S. Marshal

shall be responsible for locating her home addresses so she may be served.

See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under §

1915(d), "[t]he officers of the court shall issue and serve all process, and

perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's

request, the court may order that service be made by a United States

Marshal or deputy marshal or by a person specially appointed by the court.

The court must so order if the plaintiff is authorized to proceed *in forma*

*pauperis* under 28 U.S.C. § 1915….").

---

[4] "Larry Williamson" in the Complaint.

If the U.S. Marshal is unable to obtain service on Defendant Wallace, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant Wallace's home addresses to the *pro se* incarcerated Plaintiff, and shall file any document containing such addresses under seal.

The Clerk of Court will be instructed to update the Court file with the Defendants' correct names as reflected in this Order.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant Annika Wallace. If the U.S. Marshal is unable to obtain service on the foregoing Defendant, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 1], the Sealed Notice [Doc. 20], and this Order to the U.S. Marshal; and to substitute Defendants' names as follows:

Annika Wallace for "FNU Wallace;"

Sapphire Rogers-Newman for "Sapphire Newman;"

LaDonna R. Browning for "Ladonna Browning;" and

Larry D. Williamson for "Larry Williamson."

3

**IT IS SO ORDERED.**

Signed: March 31, 2022

Martin Reidinger
Chief United States District Judge

4